**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PAULA VASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CHYCHY'S HEALTHCARE &<br>MEDICAL SUPPLY, LLC and<br>CHYCHY OKOLI,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, PAULA VASQUEZ brings this action for damages and other relief against Defendants CHYCHY'S HEALTHCARE & MEDICAL SUPPLY, LLC and CHYCHY OKOLI, and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

### PARTIES

2.    Plaintiff Paula Vasquez ("Ms. Vasquez" or "Plaintiff") is a citizen of Georgia.

3.      Defendant Chychy's Healthcare & Medical Supply, LLC ("Chychy's") is a Georgia company licensed to conduct business in the state of Georgia.

4.      Chychy's principal place of business is located at 6867 S Sweetwater Road, Unit B, Lithia Springs, Georgia 30122.

5.      Chychy's may be served with process by delivering a copy of the Summons and this Complaint to its registered agent, Chychy Okoli, 6867 S Sweetwater Road, Unit B, Lithia Springs, Georgia 30122.

6.      Chychy's is subject to personal jurisdiction in this Court.

7.      Defendant Chychy Okoli ("Ms. Okoli," and collectively with Chychy's, "Defendants") is a natural person and may be served with service of process wherever she may be found.

8.      Ms. Okoli is subject to personal jurisdiction of this Court.

**JURISDICTION AND VENUE**

9.      The Court has original jurisdiction over Ms. Vasquez's FLSA claim pursuant to 28 U.S.C. § 1331 because it raises a question of federal law.

10.      Under 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper because a substantial part of the events or omissions giving rise to Ms. Vasquez's claims occurred in Douglas County, Georgia, which is located within the Atlanta Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS SHOWING THAT CHYCHY'S EMPLOYED MS. VASQUEZ

11.     Chychy's is a Georgia company based in Douglas, Georgia, which, among other services, provides personal and professional in-home care for seniors.

12.     Chychy's has been providing in-home care services since 2008.

13.     Chychy's provides its services throughout the Metro Atlanta area.

14.     Chychy's qualifies as an "employer" within the meaning of the FLSA.

15.     Chychy's is a covered enterprise under the FLSA.

16.     Chychy's gross sales or business done exceeds $500,000.00 annually.

17.     Chychy's is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

18.     Chychy's employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

19.     While performing their job duties, Chychy's employees regularly handle materials that were manufactured outside of the state of Georgia.

20.     While performing their job duties, Chychy's employees regularly use phones and/or computers manufactured outside the state of Georgia.

21.     Chychy's employed Ms. Vasquez as that term is defined by the FLSA.

22.     Ms. Vasquez worked for Chychy's as caregiver.

23. As a caregiver, Ms. Vasquez, among other duties, frequently cooked meals, performed light house cleaning, attended to Chychy's clients, performed medical injections, did laundry, and completed clerical work.

24. Chychy's hired Ms. Vasquez.

25. Chychy's maintained Ms. Vasquez's employment records.

26. Chychy's set Ms.Vasquez's work schedule.

27. Chychy's regularly evaluated Ms. Vasquez's performance.

28. Chychy's paid Ms. Vasquez's wages.

29. Chychy's directed Ms. Vasquez's work.

## FACTUAL ALLEGATIONS SHOWING MS. OKOLI EMPLOYED MS. VASQUEZ

30. Ms. Okoli employed Ms. Vasquez within the meaning of the FLSA.

31. Ms. Okoli is the sole owner of Chychy's.

32. Ms. Okoli is the sole organizer of Chychy's.

33. Chychy's is named for Ms. Okoli.

34. Ms. Okoli hired Ms. Vasquez.

35. Ms. Okoli directed Ms. Vasquez's work.

36. Ms. Okoli exerts operational control over Chychy's.

37. Ms. Okoli set the pay policies relevant to Ms. Vasquez.

38. Ms. Okoli enforced Chychy's pay policies.

39.    Ms. Okoli reviewed Ms. Vasquez's time prior to Defendants issuing payroll.

40.    Ms. Okoli had the ability to discipline Ms. Vasquez.

41.    Ms. Okoli had the ability to terminate Ms. Vasquez.

42.    Ms. Okoli directed Ms. Vasquez's work.

43.    At all times relevant to this Complaint, Ms. Okoli had the ability to hire individuals to work for Chychy's.

44.    While employed by Defendants, Ms. Vasquez was an individually covered employee under the FLSA.

45.    By way of example, pursuant to her job duties, Ms. Vasquez performed domestic services in one or more households, as that term is defined under the FLSA.

**FACTUAL ALLEGATIONS SHOWING DEFENDANTS JOINTLY EMPLOYED MS. VASQUEZ**

46.    Ms. Okoli and Chychy's jointly employed Ms. Vasquez within the meaning of the FLSA.

47.    Ms. Vasquez began working for Defendants on or about January 12, 2023.

48.    Ms. Vasquez continued to work for Defendants until on or about September 11, 2023.

49. Defendants compensated Ms. Vasquez at a rate of $13.00 to $15.00 per hour during the duration of her tenure with Defendants.

50. Defendants set Ms. Vasquez's hourly rate.

51. Defendants paid Ms. Vasquez only her hourly rate for her each hour she worked.

52. Defendants did not compensate Ms. Vasquez in any amounts other than her hourly rate.

53. Ms. Vasquez could not hire subcontractors to perform her work on behalf of Defendants.

54. When speaking with Defendants' clients, Ms. Vasquez introduced herself as being from Chychy's.

55. Defendants knew Ms. Vasquez introduced herself to their clients as being from Chychy's.

56. Defendants knew Ms. Vasquez introduced herself as a helper from Chychy's because Defendants required her to do so.

57. Ms. Vasquez could not offer Defendants' clients any additional services beyond her assigned job duty.

58. Ms. Vasquez could not recommend other services to Defendants' clients.

59. Ms. Vasquez could not upsell Defendants' clients any items.

60. Ms. Vasquez did not bid on job assignments from Defendants.

61. Defendants set Ms. Vasquez's schedule.

62. Defendants sent sitting assignments to Ms. Vasquez.

63. Ms. Vasquez could not turn down assignments from Defendants.

64. If Ms. Vasquez turned down an assignment from Defendants, she would suffer consequences.

## FACTS SUPPORTING MS. VASQUEZ'S CLAIM FOR UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA

65. Ms. Vasquez's typical work schedule was Friday at 4:00 p.m. through Monday at 9:00 a.m.

66. However, in order to complete her work on behalf of Defendants, Ms. Vasquez frequently worked before her shift and late into the evenings.

67. Defendants regularly scheduled Ms. Vasquez to work outside her typical work schedule.

68. Defendants set Ms. Vasquez's work schedule.

69. Defendants required Ms. Vasquez to enter her time worked on a handwritten timesheet.

70. Defendants used these timesheets to track Ms. Vasquez's working hours.

71.    Ms. Vasquez regularly worked in excess of 40 hours per workweek on behalf of Defendants.

72.    Defendant knew or should have known Ms. Vasquez regularly worked in excess of 40 hours in a workweek, because they scheduled her for over 40 hours.

73.    Further, Defendants knew or should have known Ms. Vasquez worked in excess of 40 hours in a workweek because she logged the excess hours on her timesheets.

74.    Defendants typically scheduled Ms. Vasquez to work overnight shifts.

75.    Defendants directed Ms. Vasquez to work more than 40 hours during most, if not all, workweeks.

76.    Despite knowing Ms. Vasquez worked overtime, Defendants often failed to compensate her for all hours worked.

77.    Defendants only compensated Ms. Vasquez at her straight-time hourly rate for all hours worked.

78.    This, and other practices by Defendants, resulted in Ms. Vasquez working hours in excess of 40 hours per week, for which she was not compensated at one and one-half times her regular rate of pay.

79.    Defendants never compensated Ms. Vasquez at one and one-half times her regular rate of pay for hours in excess of 40 throughout her entire employment.

80.     Defendants knew, or should have known, that Ms. Vasquez worked hours in excess of 40 during certain workweeks, for which she was not properly compensated.

### COUNT 1: FAILURE TO PAY OVERTIME WAGES

81.     Plaintiff regularly worked more than 40 hours per week during certain workweeks while employed by Defendants.

82.     Defendants failed to compensate Plaintiff for all time worked, including those in excess of 40 hours per workweek.

83.     Defendants failed to compensate Plaintiff at one and one-half times her regular rate of pay for all time worked over 40 hours during certain workweeks.

84.     Defendants suffered or permitted Plaintiff to work hours in excess of 40 hours during certain workweeks.

85.     Defendants knew, or should have known, that Plaintiff worked in excess of 40 hours during certain workweeks.

86.     Defendants knew Plaintiff worked more than 40 hours during certain workweeks and chose not to pay Plaintiff one and one-half times her regular rate of pay for time worked over 40 hours per workweek.

87.     Defendants violated the FLSA's record-keeping provision by failing to keep accurate time records of Plaintiff's work on behalf of Defendants.

88.     Defendants violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

89.     Plaintiff seeks her unpaid overtime for all time over 40 hours in certain workweeks, in which Defendants failed to compensate her at 1.5 times her regular rate of pay.

90.     Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a)     Declare that Defendants jointly employed Plaintiff;

(b)     Declare that Defendants violated the FLSA's overtime provision;

(c)     Enter judgment against Defendants that they violated the FLSA's overtime provision and, further, that their overtime violations were willful;

(d)     Enter a monetary judgment against Defendants, including:

    i)     Overtime wages at one and one-half times Plaintiff's regular rate of pay;

ii)     Liquidated damages in an amount equal to Plaintiff's unpaid overtime wages;

iii)    Reasonable costs and attorneys' fees;

iv)     Prejudgment interest;

v)      Post-judgement interest continuing to accrue; and,

(e)  Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial.

Respectfully submitted: February 10, 2025.

**GUILMETTE PULVER LLC**                    */s/ William S. Cleveland*
1355 Peachtree St NE                         William S. Cleveland
Suite 1125                                   Georgia Bar No. 721593
Atlanta, Georgia 30309                       w.cleveland@guilmettepulver.com
T: (833) 377-3060
*Counsel for Plaintiff*