IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULA VASQUEZ,

Plaintiff,

Case No. 1:25-cv-00668 ELR

v.

CHYCHY'S HEALTHCARE
& MEDICAL SUPPLY, LLC
and CHYCHY OKOLI

Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, CHYCHY'S HEALTHCARE & MEDICAL SUPPLY, LLC and CHYCHY OKOLI, (collectively "Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 12, answer the Complaint (Doc. 1) filed by Plaintiff, PAULA VASQUEZ ("Plaintiff"), and assert defenses and affirmative defenses as follows:

## NATURE OF ACTION

1. Defendants admit that Plaintiff brings this suit against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 207 *et al*. ("FLSA") but deny Plaintiff's entitlement to any relief.

1

## PARTIES

2. Defendants are without sufficient knowledge or belief to admit or deny the allegations as to Plaintiff's residency and, therefore, deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the Court may exercise its jurisdiction over Defendants but otherwise deny the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the  allegations in Paragraph 7 of the Complaint.

8. Defendants admit the Court may exercise its jurisdiction over Plaintiff's claims but otherwise deny the allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendants admit the Court may exercise its jurisdiction over Plaintiff's claims pursuant to Fair Labor Standards Act, 28 U.S.C. § 1331 ("FLSA") but deny Plaintiff is entitled to any relief.

10. Defendants deny that a substantial part of the events and omission giving rise to this action arose in Douglas County, but admit that venue is proper in this Cour.  Defendants deny Plaintiff's entitlement to any relief.

2

## FACTUAL ALLEGATIONS SHOWING THAT CHYCHY'S EMPLOYED MS. VASQUEZ

11. Defendants admit that ChyChy's Healthcare is based in Douglas County and that it provides personal care support in an in-home environment. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

15. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

18. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

19. Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 19 of the Complaint and therefore deny it.

3

20. Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 20 of the Complaint and therefore deny it.

21. Defendants admit that Plaintiff was an employee of ChyChy's Healthcare & Medical Supply, LLC.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff performed the duties referenced in Paragraph 23 of the Complaint, except Defendants deny Plaintiff performed medical injections.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants admit the allegations in Paragraph 25 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants admit the allegations in Paragraph 27 of the Complaint.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit that as an employee they had the right to direct Plaintiff's work, but did not exercise this right.

## FACTUAL ALLEGATIONS SHOWING MS. OKOLI EMPLOYED MS. VASQUEZ

30. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

31. Defendants admit the allegations in Paragraph 31 of the Complaint.

4

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit that ChyChy's Healthcare takes its name from its owner, ChyChy Okoli.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants admit the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants lack sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint and therefore deny them.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit the allegations in Paragraph 43 of the Complaint.

44. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny and therefore deny the allegations in Paragraph 44 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

45. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny and therefore deny the allegations in Paragraph 45 of the Complaint.

### FACTUAL ALLEGATIONS SHOWING DEFENDANTS JOINTLY EMPLOYED MS. VASQUEZ

46. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and, therefore, denies it.

47. Defendants admit that Plaintiff worked on an as-needed basis from January 2023 to March 2023 and on or about April 28, 2023, Plaintiff began working regularly with ChyChy's Healthcare.

48. Defendants admit the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants admit the allegations in Paragraph 50 of the Complaint.

51. Defendants admit the allegations in Paragraph 51 of the Complaint.

52. Defendants admit that Plaintiff was paid for the hours she worked.

53. Defendants admit the allegations in Paragraph 53 of the Complaint.

54. Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 54 and therefore deny them.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

6

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants admit the allegations in Paragraph 59 of the Complaint.

60. Defendants admit the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

## FACTS SUPPORTING MS. VASQUEZ' CLAIM FOR UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny Plaintiff worked a typical schedule.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants admit the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

7

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants admit that Plaintiff on occasion worked an overnight shift.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants admit the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

## COUNT 1: FAILURE TO PAY OVERTIME WAGES

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny and therefore deny the allegations in Paragraph 87 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

88. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny and therefore deny the allegations in Paragraph 88 of the Complaint.

89. Defendants admits that Plaintiff seeks alleged damages for unpaid overtime wages, but deny Plaintiff's entitlement to any relief.

90. This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny and therefore deny the allegations in Paragraph 90 of the Complaint.

## PRAYER FOR RELIEF

In response to WHEREFORE Paragraph following Paragraph 90 of the Complaint, including subdivisions (a) to (e) Defendants deny all factual allegations and deny that Plaintiff is entitled to any relief in this action. Defendants also deny that there are any claims to be tried by a jury.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff has failed to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

9

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendants, which Defendants vigorously deny, they did not engage in such acts or omissions knowingly, intentionally or willfully, and therefore, Plaintiff' claims for liquidated damages are barred.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent she seeks payment of wages not owed.

### FOURTH DEFENSE

In all material respects, Defendants acted in good faith in their dealings with Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, unclean hands, or estoppel.

### SIXTH DEFENSE

Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

10

Dated this 9th day of June 2025.

Respectfully submitted,
SPIRE LAW, LLC
2572 W. State Road 426,
Suite2088
Oviedo, Florida 32765

By:*/s/ Ian Smith*
Ian Smith, Esq.
Georgia Bar No. 661492
ian@spirelawfirm.com
margarita@spirelaw.com
filings@spirelawfirm.com
***Attorneys for Defendants.***

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/<u>*Ian E. Smith*</u>
Attorney

www.spirelawfirm.com
Employment Attorneys
